Decree affirmed and appeal dismissed, at the costs of the appellants.

---

## Appeal of Henry R. Edmunds, Exr., Re Estate of Malvina A. King.

A decree compensating the owner of land for damages for the encroachment thereon of a party wall, built by the adjoining owner, legalizes the encroachment; and the owner having subsequently deeded the land, with a covenant against encumbrances and a special warranty, to one ignorant of the encroachment, *held*, that such encroachment was a breach of the covenant and the grantee could recover of the grantor damages therefor.

(Decided January 17, 1887.)

July Term, 1886, No. 106, E. D., before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. Appeal from a decree of the Orphans' Court of Philadelphia County dismissing exceptions and confirming a master's report allowing a claim against a decedent's estate for damages for breach of covenant in a deed. Affirmed.

This claim was presented against the estate of Malvina A. King, by James M. Wilcox, to recover the sum of $1,000 as damages arising from a breach of the covenant against encumbrances and of special warranty in a deed of conveyance from said Malvina A. King to James M. Wilcox, of the premises No. 1106 Chestnut street in the city of Philadelphia.

The following facts appeared on the trial before the auditing judge:

In 1856 Gottlieb Vollmer was the owner of the premises No. 1108 Chestnut street, and in that year erected a building on the rear end of his lot, constructing a party wall between Nos. 1106 and 1108.

In 1864 the testatrix purchased No. 1106, and afterwards filed a bill in equity to compel Vollmer to close certain windows he had placed in the wall, and during that proceeding it was discovered that the wall built by Vollmer had been illegally

built as a party wall, for instead of being built 6½ inches on each lot, it had been built 9 inches on the lot of testatrix for a depth of 99 feet, and thus 2½ inches wider than is provided by the act of May 7, 1835, for the width and regulation of party walls.

Testatrix then filed another bill to compel Vollmer to take down the wall. After this proceeding had been going on for some time, she determined to allow the wall to remain, and be compensated in damages; therefore the result was that the court of common pleas entered a decree that Gottlieb Vollmer should pay testatrix the sum of $1,000 as compensation for the injuries complained of by her in said bill, but that such payment should not be construed to convey to said Vollmer any title to so much of the lot of testatrix as was occupied by the said wall to the extent northward from Sampson street, 99 feet, and in depth east and west 2½ inches; but said Vollmer might continue the same as it then existed on the ground. Vollmer afterwards paid $1,000.

By deed dated June 1, 1881, containing a special warranty and the words "grant, bargain, and sell," testatrix sold and conveyed to James M. Wilcox for $85,000, the premises No. 1106 Chestnut street, without notice to him of the encroachment of the wall built by Mr. Vollmer, and it was not discovered by him until the year following.

He then, in the lifetime of testatrix, erected upon the rear end of his lot a four-story brick building, using the 18-inch wall of Vollmer as a western boundary; the encroachment was at that time known to claimant, but he gave no notice thereof to testatrix.

There was no proof of any direct or immediate damage to claimant offered at the trial, but he claimed to recover the same amount which had been recovered by the testatrix, from Vollmer.

The auditing judge awarded the claimant $1,000 with interest from June 1, 1881, amounting in all to $1,280. Exceptions to his adjudication were overruled by the court in banc.

The assignments of error specified the action of the court in awarding the claim, and in ruling "that the words 'grant, bargain, and sell' import a warranty of quality and quantity of land, and against encumbrances not created by the grantee or during her holding of the land."

*Joseph M. Pile* and *Henry R. Edmunds,* for appellant.—Nothing in the decree binds the assigns of Mrs. King to permit a continuance of the wall, or allows Vollmer or his grantee to maintain it against her grantee.

The land is still there, and it is urged that even if there is no remedy for Wilcox, the adjoiners in his deed qualify the statement of width of lot, and that he was bound by it. Lodge v. Barnett, 46 Pa. 477; Cox v. Couch, 8 Pa. 147.

But even if this be incorrect, the claim would be ruled by the case of Seibert v. Levan, 8 Pa. 383, 49 Am. Dec. 524, in which it is held that when a person annexes peculiar qualities to the land, the same being palpable and manifest, the purchaser takes the land, burdened or benefited by the quality so annexed to it, and this although the grant formed only a part of vendor's land, and the remaining land was subject to the easement.

There can be no recovery by the grantee, from the grantor, after delivery of the deed and payment of the purchase money, for a deficiency in quantity, in the absence of fraud or mutual mistake. Kreiter v. Bomberger, 82 Pa. 59, 22 Am. Rep. 750. This encumbrance—if it be an encumbrance—was not made or suffered by Mrs. King.

The encumbrance has not been removed or discharged, and the claimant has paid nothing on account of it. Myers v. Brodbeck, 110 Pa. 198, 17 W. N. C. 120, 1 Cent. Rep. 407, 5 Atl. 662; Rodgers v. Olshoffsky, 110 Pa. 147, 1 Cent. Rep. 145, 2 Atl. 44.

*J. Percy Keating* and *John Samuel,* for appellee.—The words "grant, bargain, sell," in a deed, are an express covenant that the grantor is seized of an indefeasible estate in fee simple, freed from encumbrances done or suffered by the grantor, as also for quiet enjoyment against the grantor. Act of May 28, 1715, § 6 (Purdon's Digest, 582); Gratz v. Ewalt, 2 Binn. 103; Knepper v. Kurtz, 58 Pa. 480.

This special covenant is broken the instant the deed is delivered by the existence of an encumbrance suffered by the grantor; nor is it inconsistent with, or restrained by, an express covenant of special warranty. Cathcart v. Bowman, 5 Pa. 317; Funk v. Voneida, 11 Serg. & R. 109, 14 Am. Dec. 617.

This covenant is not confined to voluntary acts of the grantor, but extends to any encumbrance suffered by adverse proceedings. Shaffer v. Greer, 87 Pa. 370.

The covenant against encumbrances is broken whenever a third party has any interest in or right to the land granted, to the diminution of its value, but consistent with the passing of the fee by the conveyance. 2 Greenl. Ev. § 242; Washb. Easements, chap. 4, § 2; Rawle, Covenants for Title, 100; Wilson v. Cochran, 46 Pa. 229; Prescott v. Trueman, 4 Mass. 627, 3 Am. Dec. 249; e. g. as to wood leave, see Cathcart v. Bowman, 5 Pa. 317; as to gas privilege, Wood's Estate, 15 W. N. C. 94; as to water right, Peters v. Grubb, 21 Pa. 455; as to party wall, Giles v. Dugro, 1 Duer, 331; as to outstanding way, Russ v. Steele, 40 Vt. 310.

This warranty binds all the grantor's estate real and personal. Bender v. Fromberger, 4 Dall. 442, 1 L. ed. 901; note, by Rawle, Sr., to Paxson v. Lefferts, 3 Rawle, 69; Wood's Estate, 15 W. N. C. 94; 4 Kent, Com. p. 471.

There could be no duty imposed upon us to measure the ground for the purpose of ascertaining whether the wall encroached, because the legal prima facie presumption is that a party wall is properly located. 2 Wharton, Ev. § 1340.

PER CURIAM:

The decree procured by Mrs. King legalized the encroachment within the boundaries of the land, which she subsequently conveyed to the appellee. There was, therefore, a clear breach of the covenant contained in her deed, and this decree is correct.

Decree affirmed and appeal dismissed, at the costs of the appellant.